# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                             No. CR 98-516 LH

WALTER GENE GRASSIE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss Count Three with Supporting Memorandum (Docket No. 62), filed March 1, 1999. The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, finds that the Defendant's motion is not well taken and will be **denied**.

The Defendant seeks to have Count III of the Indictment dismissed arguing that he would be subjected to double jeopardy if he were convicted of the charges contained in both Counts I and III. Count I of the Indictment charges Mr. Grassie with violating 18 U.S.C. § 247(a)(1) for the intentional destruction of a church by fire because of its religious character. Count III charges him with knowingly using fire to commit a federal felony—that is, the felony described in Count I—in violation of 18 U.S.C. § 844(h)(1). As the Government observes, if Congress "clearly intended cumulative punishment under two different statutory provisions, the imposition of multiple punishment does not violate the Double Jeopardy Clause." *United States v. Lanzi*, 933 F.2d 824, 825 (10th Cir. 1991)

(citing *Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983)). In this instance, section 844(h), clearly states that it is intended to apply to the use of fire or an explosive, or the "carrying" of an explosive in the commission of a felony even if that underlying felony "provides for an enhanced punishment if [it is] committed by the use of a deadly or dangerous weapon or device."[1] *See* 18 U.S.C. § 844(h)(1)-(2). Thus, Congress intended section 844(h) to apply its additional 10 year sentence even to those felonies which already provide for additional punishment when they involve the use of a dangerous weapon or device, just as 18 U.S.C. § 247 apparently does.[2]

Admittedly, it appears peculiar that a defendant can be convicted of an offense which becomes a felony when it involves the use or threatened use of fire or a dangerous weapon,[3] and then can then be separately convicted and sentenced for using fire or an explosive in the commission of that

---

[1] At the hearing held in this matter on March 1, 1999, and then again in his Reply, the Defendant attempted to make a distinction between using fire and "carrying" an explosive in the application of section 844(h). The Court finds that subsections 1 and 2 do not set up such a distinction, rather they are merely intended to ensure that the additional punishment is applied equally to the use of fire or explosive *and* to the carrying of an explosive during the commission of a predicate federal felony. Moreover, it is clear to the Court that starting a fire involves the use of a dangerous device, that is, the materials used to ignite the blaze. Accepting Defendant's argument would impose the additional punishment if the fire were started by an explosive device, but not if the fire were started by some other means of ignition. There is nothing in section 844(h) which supports such a conclusion.

[2] It is not clear to the Court whether section 247(d)(3) provides for an "enhanced punishment" rather than simply describing a separate felonious offense, however, the Court assumes, without deciding, that subsection (d)(3) merely enhances the punishment provided for under section 247(a)(1) as the Defendant asserts.

[3] Section 247 prohibits, in part, defacing, damaging, or destroying any religious real property because of its religious character. 18 U.S.C. § 247(a)(1). Such an offense becomes a felony if, among other things, the "acts include the use, attempted use, or threatened use of a dangerous weapon, explosives or fire." 18 U.S.C. § 247(d)(3). Conviction for use of a dangerous weapon, explosives, or fire in the destruction of religious real property because of its religious nature may be punished by a fine or imprisonment for not more than 20 years, or both. *Id*.

underlying felony. However, the Tenth Circuit clearly held in *Lanzi* that such oddities do not implicate double jeopardy concerns when Congress clearly intends the cumulative punishment. 933 F.2d at 826. There, the Circuit found that double jeopardy was not implicated even though the Defendant was convicted of "one count of armed robbery of a credit union and one count of using a firearm during the robbery in violation of 18 U.S.C. § 2113(a) & (d) and 924(c)(1)." *Id.* at 824-25. The *Lanzi* court held that the plain language of the firearms use statute[4] "clearly evidences congressional intent that any defendant using a dangerous weapon in connection with a violent crime must be sentenced" separately for the underlying violent felony offense and then again for the use of a firearm during the commission of that offense. 933 F.2d at 826; *see also United States v. Overstreet*, 40 F.3d 1090, 1094 (10th Cir. 1994) (reaching same conclusion for use of a firearm during an armed carjacking in violation of 18 U.S.C. § 2119 and citing similar cases in other circuits). Both section 924(c)(1) and section 844(h) contain nearly identical language applying the cumulative punishment to the underlying offense. For example, both statutes state that "in addition to the punishment provided for" in the underlying felony an offender shall be sentenced to a specific term of imprisonment. *See* 18 U.S.C. §§ 924(c)(1) and 844(h). Similarly, both statutes require that the

---

[4] 18 U.S.C. § 924(c)(1) states, in pertinent part:

Whoever, during an in relation to any crime of violence . . . (including a crime . . . which provides for an *enhanced punishment* if committed by the use of a deadly or dangerous weapon or device) . . . uses or carries a firearm, shall, *in addition to the punishment provided for such crime of violence* . . ., be sentenced to imprisonment for five years . . . . Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, *nor shall* the term of imprisonment imposed under this subsection *run concurrently* with any other term of imprisonment *including that imposed for the crime of violence* . . . in which the firearm was used or carried.

(emphasis added).

term of imprisonment imposed under the enhancement statute not run concurrently with the term imposed for the predicate felony. *Id*. In addition, both statutes are intended to apply to even those felonies "which provide[] for an enhanced punishment if [they] are committed by the use of a deadly or dangerous weapon or device."[5] *Id.* These identical provisions and the *Lanzi* holding make it clear that Congress intended that felonies such as the church burning offense described in section 247 would qualify as a predicate felony under Section 844 which then requires the imposition of its additional term of imprisonment.

The Defendant points the Court to the Second Circuit's decision in *United States v. LaPorta*, and argues that its analysis should govern here. 46 F.3d 152 (2nd Cir. 1994). The *LaPorta* court concluded that a specific statute prohibiting the destruction of government property by fire or explosive, 18 U.S.C. § 844(f), preempted the more general offense contained in section 844(h)(1) and affirmed the district court's dismissal of the more general count. *Id.* at 156-57. The rationale for this holding was not based on a concern that the Defendant would suffer double jeopardy. Rather, the court concluded that "§ 844(f) displaces § 844(h)(1) when the underlying offense is destruction of government property." *Id*. at 156. The court found that the phrase "any felony" in Section 844(h) was ambiguous and that "under the rule of lenity, [when there is a more specific statute available] this ambiguity has to be resolved in the defendant's favor." *Id*. at 157 (citations omitted). However, the Second Circuit apparently did not consider the special application language that the Tenth Circuit concluded, when analyzing section 924(c)(1), indicated clear congressional intent to impose

---

[5] *See also Lanzi*, 933 F.2d at 826 (noting that the legislative history of section 924(c)(1) indicated that it should apply to "all persons who commit federal crimes of violence, including those crimes set forth in statutes which already provide for enhanced sentences for their commission with a dangerous weapon . . .").

additional punishment. *See Id.* at 156 (not discussing or quoting statute's application to felonies which already provide enhanced punishment nor its command that section 844 impose additional punishment, but noting mandatory nature of five year term). Moreover, given the Tenth Circuit's holding in *Lanzi*, this Court is bound to conclude that—at least in this Circuit—a defendant is properly charged under a statute specifically prohibiting the destruction of a church by fire because of its religious character *and* the more general offense of using fire or an explosive to commit "any felony which may be prosecuted in a court of the United States." 18 U.S.C. §§ 247 844(h)(1).

The Defendant also points the Court to the Seventh Circuit's dismissal, on double jeopardy grounds, of a Section 844(h)(1) count because it was based on a felony arson charge contained in a separate count.[6] *See United States v. Chaney*, 559 F.2d 1094, 1096 (7th Cir. 1977). That court concluded that the same evidence would be used to prove the essentially identical elements of the two counts. *Id*. The first count alleged that the defendant had violated 18 U.S.C. § 844(i) which made it a felony to damage or destroy property in interstate commerce by fire, while the third count alleged that the defendant had violated section 844(h)(1) by committing Count I through the use of fire. *Id*. The Seventh Circuit apparently found that there was no indication that Congress intended to authorize multiple punishments under sections 844(i) and 844(h)(1). However, the *Chaney* court was faced with a very different version of section 844(h) than is before this Court. Prior to its amendment in 1988, section 844(h) merely imposed a five year term of imprisonment for using fire or an explosive in the commission of a predicate felony. *See* 18 U.S.C. § 844(h) (1982). This section was

---

[6] The Court has reviewed the "double counting" cases cited by the Defendant as well, however, these cases relate to sentencing concerns under the Sentencing Guidelines, not double jeopardy. The "double counting" arguments raised in the Motion to Dismiss would be more appropriately raised at sentencing—if the Defendant is convicted—and are not considered here.

then amended by Congress in 1988,[7] adding the critical language this Court has relied on and the Tenth Circuit focused on in *Lanzi* in its analysis of section 924(c)(1). *See* Pub. L. No. 100-690, § 6474(b) (1988).

Given its apparent conclusion that Congress did not intend the pre-1988 version of section 844(h) to impose an additional punishment, the *Chaney* court properly applied the second double jeopardy test—often referred to as the *Blockburger* test—which attempts to determine congressional intent by examining whether the two counts constitute the same offense by virtue of the fact that both charges would be proven by the same evidence.[8] *See Chaney,* 559 F.2d at 1096; *Lanzi*, 933 F.2d at

---

[7] Section 6474(b) of Public Law 100-690 was entitled "Strengthening Offense of Using or Carrying an Explosive in Commission of a Federal Felony." It inserted the following language into 18 U.S.C. § 844(h):

> *including a felony* which provides for an *enhanced punishment* if committed by the use of a *deadly or dangerous weapon or device* shall, *in addition to the punishment provided for such felony,* be sentenced to imprisonment for five years. In the case of a second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for ten years. *Notwithstanding any other provision* of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, *nor shall the term of imprisonment imposed under this subsection run concurrently* with any other term of imprisonment including that imposed for the felony in which the explosive was used or carried.

*Id*. (emphasis added).

[8] The Court notes that in this case the Government has charged Mr. Grassie in Count I of its Indictment with violating 18 U.S.C. § 247, which requires proof that the damage was inflicted "because of the religious nature of the property" and makes such an act felonious if the destruction is committed through the "use, attempted use, or threatened use of *a dangerous weapon*, explosives or fire." 18 U.S.C. §§ 247(a)(1) and (d)(3) (emphasis added). In contrast, Count III only requires proof that the Defendant committed an underlying felony and that he used fire or an explosive to do so. 18 U.S.C. § 844(h). Thus, section 247 requires an additional element of intent and can be violated without the use of fire or an explosive. It is true, however, that the Government has charged this Defendant specifically with using fire in the commission of the underlying church burning felony. The Court reaches no conclusion, however, on the application of the *Blockburger* test to the instant Indictment.

-6-

825-26. However, the *Blockburger* test need not be considered when, as here, it is clear that Congress "intended each violation to be a separate offense." *Garrett v. United States*, 471 U.S. 773, 778 (1985). Indeed, there is nothing in the Constitution to prevent Congress from assessing multiple penalties for different stages of the same offense. *Id*. at 787 (concluding that "Congress intended the [Continuing Criminal Enterprise] provision to be a separate criminal offense which was punishable in addition to, and not as a substitute for, the predicate offenses"); *see also Hunter*, 459 U.S. at 368-69 (holding when "a legislature clearly authorizes cumulative punishment under two statutes, regardless of whether the statutes proscribe the "same" conduct under *Blockburger*, cumulative punishments can be imposed under those statutes in a single trial"). The double jeopardy clause is intended as a check on the prosecutor, not the legislature. *Id*. (holding that the "*Blockburger* presumption must of course yield to a plainly expressed contrary view on the part of Congress"); *see also Albernaz v. United States*, 450 U.S. 333, 344 (1981) (holding that when "Congress intended . . . to impose multiple punishments, imposition of such sentences does not violate the Constitution") (citations omitted).

Given the changes in section 844(h) since the Seventh Circuit announced its decision in *Chaney*, this Court is bound by the Tenth Circuit's conclusion in *Lanzi* that the identical language in sections 924(c)(1) and 844(h) "expressly authorize multiple punishment." 933 F.2d at 826. It simply cannot be denied that the use of the *armed* robbery predicate in the *Lanzi* court's analysis of the section 924(c)(1) "use-of-a-firearm" charge is directly analogous to this Indictment's use of the church burning predicate for its section 844(h)(1) "use-of-fire" charge. Therefore, having found, based on the plain language of the statutes, that Congress intended sections 247 and 844(h)(1) to be

separate offenses which expressly authorize multiple punishment, the Court must deny the Defendant's motion.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss Count Three with Supporting Memorandum (Docket No. 62), filed March 1, 1999, is **denied**.

_____
**UNITED STATES DISTRICT JUDGE**